UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SUNNY GILL,                                     ) | |
|       **Plaintiff**                           ) | |
| v.                                              ) | Cause No.: |
| KAWNEER COMPANY, INC., a wholly ) | |
| owned subsidiary of ALCOA, INC.    ) | |
|       **Defendant.**                       ) | |

**Complaint and Demand for Jury Trial**

**I. Nature of the Case.**

1. Sunny Gill, brings this action against his former employers, Kawneer Company, Inc. and its parent company, Alcoa, Inc., for unlawful discrimination in employment based on race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.*, as amended.

**II. Parties.**

2. Plaintiff, Sunny Gill, ("Gill") resides within the geographical boundaries of the Southern District of Indiana.

3. Defendants, Kawneer Company, Inc. (Kawneer) and its parent company, Alcoa, Inc. (Alcoa), are corporations which maintain facilities and conduct business within the Southern District of Indiana.

### III. Jurisdiction and Venue.

4. This case arises under the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.* as amended, and therefore this Court has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. §§ 1331, 1343 and 29 U.S.C. §2000e-5(f)(3).

5. Acts giving rise to this dispute occurred within the geographical bounds of the Southern District of Indiana, thus venue is proper in this Court.

6. Gill satisfied his obligation to exhaust administrative remedies by timely filing a charge of discrimination with the EEOC alleging discrimination on the basis of race and national origin, receiving a proper notice of right to sue, and timely filing this Complaint.

### IV. Allegations.

7. Gill is Indian and was born in India.

8. Gill was hired by Kawneer on or about August 19, 1991.

9. Alcoa acquired the Kawneer and as a result, Gill became an employee of Alcoa.

10. Gill's work performance met or exceeded Defendants' legitimate expectations at all times.

11. Defendants terminated Gill's employment on or about February 7, 2002.

12. Defendants told Gill they were terminating his employment because he had been "clocking out" his employees at the end of the work week.

13. The reason Defendants gave for terminating Gill is a pretext for unlawful discrimination on the basis of race and national origin because white American born supervisors who are similarly situated to Gill regularly "clocked out" employees under their supervision at the end of the work week, but they were not terminated for disciplined for having done so.

14. During Gill's tenure, it was common practice within the facility in which Gill worked for supervisors to clock out the employees under their supervision prior to the end of the shift on the last work day of the week.

15. Gill and similarly situated white American born supervisors regularly clocked out employees under their supervision on the last day of the work week and none were ever warned, counseled or disciplined for having done so prior to Gill's termination.

16. Defendants terminated Gill because of his race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et. seq.*.

17. In violating Title VII, Defendants acted intentionally, willfully, and with knowledge that their actions violated federal law.

18. Gill has suffered financial harm and emotional distress as a result of Defendants' unlawful acts.

### V. Relief Sought.

19. Gill seeks reinstatement to his former position or front pay in lieu thereof.

20. Gill seeks payment of all wages, benefits, compensation, and monetary loss suffered as a result of Defendants' unlawful actions.

21. Gill seeks compensatory damages.

22. Gill seeks punitive damages.

23. Gill seeks pre-judgment interest and post-judgment interest on all sums recoverable.

24. Gill seeks payment of his reasonable attorney fees and costs.

25. Gill seeks any and all other relief to which he is entitled, including all other relief deemed just and proper by this court.

## VI. Demand for Trial by Jury.

The Plaintiff, Sunny Gill, by counsel, respectfully requests a trial by jury on all issues deemed so triable.

                Respectfully submitted,

                _____
                Suzanne S. Newcomb
                HASKIN LAUTER & LARUE
                850 Fort Wayne Avenue
                Indianapolis, Indiana 46204
                (317) 955-9500
                Facsimile: (317) 955-2570

                Attorneys for Plaintiff